**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **LARRY THOMAS, et al.,** § | |
| § | |
| Plaintiffs, § | |
| vs. § | **Civil Action No. 3:12-CV-4941-M-BH** |
| § | |
| **BANK OF NEW YORK MELLON et. al,** § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the Special Order No. 3-251, this case was automatically referred for pretrial management. Before the Court is *Plaintiffs' Motion for the Court to Enter Default Judgment Against Defendants*, filed November 18, 2013 (doc. 38). Based on the relevant filings and applicable law, the motion should be **DENIED.**

**I. BACKGROUND**

On December 4, 2012, Larry and Deborah Thomas (Plaintiffs) filed this *pro se* suit against Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, LP (BONA), and Bank of New York Mellon f/k/a Bank of New York, as trustee for the benefit of the Certificate Holders of the CWABS, Inc. Asset-Backed Certificates, Series 2004-2 (BONY), (collectively, Defendants) for claims arising from the foreclosure of their home. (docs. 3 and 4.) The Clerk of Court issued a summons for each defendant that same day. (doc. 6.)[1]

On December, 31, 2012, Defendants appeared in the action and moved to dismiss Plaintiffs' complaint for failure to state a claim. (doc. 13.) On July 11, 2013, it was recommended that the

---

[1] On December 10, 2012, BONA was served with a copy of the summons and the original complaint. (doc. 11.) Plaintiffs apparently attempted to serve BONY on December 18, 2012, but they failed to submit proof of delivery. (doc. 10.)

motion be granted, unless Plaintiffs filed an amended complaint within the time for objection to the recommendation.  (doc. 21) Because Plaintiffs filed an amended complaint on July 22, 2013, as allowed by the recommendation, Defendants' motion to dismiss the original complaint was denied as moot on August 20, 2013.  (*See* docs. 21; 22; 26.)  Defendants filed a second motion to dismiss on September 11, 2013, and Plaintiffs responded a month later.  (*See* docs. 30 and 36.)  On November 18, 2013, Plaintiffs filed a motion for entry of default and for default judgment against Defendants.  (doc. 38.)  The Court Clerk declined to enter a default.

## II.  MOTION FOR DEFAULT JUDGMENT

Plaintiffs move for default judgment against Defendants.  (*See* doc. 38.)

Rule 55 allows a default judgment to be entered against a party and provides the applicable procedure.  *See* Fed. R. Civ. P. 55.  There is a three-step process for securing a default judgment.  *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).  First, a default occurs when a party "has failed to plead or otherwise defend" against an action.  Fed. R. Civ. P. 55(a).  Next, an entry of default must be entered by the clerk when the default is shown "by affidavit or otherwise."  *See id.*; *NewYork Life Ins. Co.*, 84 F.3d at 141.  Third, a party may apply to the court for a default judgment after an entry of default.  Fed. R. Civ. P. 55(b); *New York Life Ins. Co.*, 84 F.3d at 141.

Here, the Court Clerk properly declined to enter a default since both Defendants have appeared and defended the action.  Plaintiffs cannot satisfy the first and second requirements for a default judgment.  *See* Fed. R. Civ. P. 55(a); *New York Life Ins. Co.*, 84 F.3d at 141.  Accordingly, their motion for default judgment should be denied.

## III.  RECOMMENDATION

Plaintiffs' motion for default judgment should be **DENIED.**

**SO RECOMMENDED**, this 21st day of November, 2013.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE